IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE HEMPHILL, No. 18106-424,

    Petitioner,

v.

J. CROSS, Warden, FCI GREENVILLE,

    Respondent.                            Case No. 12-cv-00071-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is petitioner Willie Hemphill's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging the revocation of forty-one days of good conduct credits resulting from a February 17, 2010 finding that petitioner possessed a homemade weapon. The petitioner is currently serving a sentence of 108 months imprisonment for the offense of possession of a firearm by a felon, following his April 16, 2008, conviction in the Northern District of Illinois.

    On January 6, 2010, while the petitioner was confined at the Federal Correctional Institute in Greenville, Illinois ("FCI Greenville"), the petitioner's cell was searched and a homemade weapon was found concealed in a locker. The petitioner shared the cell with one other inmate and the cell was allegedly unlocked throughout the day, making the area accessible to other prisoners.

Further, the petitioner contends that the weapon belongs to another inmate who placed it in the petitioner's unlocked cell to avoid detection.

At his disciplinary hearing on February 17, 2010, the petitioner denied any knowledge of the weapon, but was found guilty of possession. In addition to revoking forty-one days of good conduct credit, the petitioner was given thirty days disciplinary segregation, ninety days loss of commissary privileges, ninety days loss of telephone privileges, and ninety days loss of visiting privileges. The petitioner filed a Regional Administrative Remedy Appeal which was denied on March 16, 2011. Thereafter, the petitioner filed this action naming as Respondent is J. Cross, the warden of FCI Greenville.[1]

---

[1] The Court notes that, shortly after the filing of this action, the petitioner was transferred from FCI Greenville to a prison outside this judicial district, the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), where the BOP's online inmate locator system confirms, the petitioner currently remains confined. Usually, a prisoner's immediate custodian is the only proper respondent to a petition under 28 U.S.C. § 2241. *See al-Mari v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004). The fact that the petitioner has been transferred outside this district does not affect the Court's jurisdiction, given that when his petition was filed, J. Cross, his custodian at the time, was within this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440, 124 S.Ct . 2711, 159 L.Ed.2d 513 (2004) (*citing Ex parte Mitsuye Endo*, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944). *See also Harris v. Warden,* 425 F.3d 386, 389 (7th Cir. 2005) (resolving 2241 petition and stating that the "identity of the custodian and the location of the litigation concern venue and personal jurisdiction, rather than subject-matter jurisdiction"). The Court merely notes that the warden of USP Lewisburg now is the petitioner's immediate custodian. The Court will leave it to the parties to seek appropriate substitution. *See Harris v. Warden*, 425 F.3d 386, 389 (7th Cir. 2005) (indicating that the government should have made the "appropriate substitution" when a prisoner with a habeas corpus petition pending in this Court was transferred out of this district).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[2]

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

Signed this 4th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.04 17:32:01 -05'00'

**Chief Judge**
**United States District Court**

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.