IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE HEMPHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-71-DRH-DGW |
| ) | |
| J. E. THOMAS, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner on January 23, 2012 (Doc. 1).  For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

While Petitioner was an inmate at the Federal Correctional Institution Greenville, he was charged and convicted of possessing a weapon, a 5.5 inch shank that was found in a locker in Petitioner's cell on January 6, 2010 (Doc. 1, pp. 15-16).  As a result of the conviction, Plaintiff lost 41 days of good conduct credit, was placed in segregation for 30 days, and lost various privileges for 90 days (*Id.*).  Petitioner contends that he is innocent of the crime: he notes that the shank was found in an unused and unlocked locker in his cell (it is a three-man cell that only houses two inmates) and that another inmate, Bruce McCree, admitted that the weapon was his (*Id.* at 12, 22).  Petitioner does not challenge any other aspect of his conviction.  The incident report

detailing the crime was given to Plaintiff on January 6, 2010, the date of the incident (*Id.* at 19). A Disciplinary Hearing was held on February 17, 2000 in which Petitioner did not request staff representation and did not offer any evidence (including McCree's affidavit) or witnesses (*Id.* at 15). While Petitioner denied the charges, the Disciplinary Hearing Officer found Petitioner guilty noting that the item was considered a weapon, that it was located in Petitioner's cell, and that Petitioner is responsible for all items in his cell (*Id.* at 16). Petitioner appealed the DHO's finding on August 10, 2010 (a day after it was delivered to him) arguing that he was innocent and, for the first time, that inmate McCree admitted that the weapon was his (*Id.* at 17-18). This appeal was denied by the Regional Office on September 8, 2010 (Resp. Ex. D) and a subsequent appeal was rejected by the Office of National Inmate Appeals (Central Office) on March 16, 2011 (Doc. 1, p. 20) Petitioner appears to have exhausted his administrative remedies.

On November 8, 2011, Respondent filed a response arguing that Petitioner's claims are identical to the already rejected claims made by his former cellmate, Cortez Trapps, in his Habeas Corpus Petition[1] and that Petitioner was afforded due process throughout the disciplinary proceedings (Doc. 16). Respondent indicates that Trapps also was convicted of possessing a weapon related to the same incident, and that his identical Petition was denied by Chief Judge Herndon on September 29, 2011 and that Petitioner's claims raise no new legal argument.

### CONCLUSIONS OF LAW

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise is subjected to

---

[1] *Cortez L. Trapps v. James Cross*, 3:10-cv-887-DRH-PMF.

2

some comparable deprivation of a constitutionally protected liberty interest.  *Id*. at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).   The Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).  However, in reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).

Petitioner makes numerous arguments that boil down to the proposition that he could not be convicted for possessing a weapon that was found in the common area of his cell.   In this case, the DHO found that the object in question, a 5.5 inch sharpened item with string tapped to the other end, was a weapon and that Petitioner possessed the weapon:

> The investigative lieutenant stated that the locker was an extra locker which was not secured because only two inmates are assigned to that cell, and neither inmate claimed ownership of the weapon.  Inmates are responsible for the contents of their cells, and area expected to keep it clear of any contraband [sic].   (Doc. 1, p. 16).

There was "some evidence" supporting the conviction: the DHO relied on the statement by the investigating officer that he found the shank in an unsecured locker in Petitioner's cell.  *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (indicating that "[t]he proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical").   The fact that there is other evidence that would run counter to the DHO's decision, Petitioner's disavowal of ownership and the affidavit of McCree, does not render it infirm.  *Mcpherson*, 188 F.3d at 786 (noting that the DHO's credibility

3

assessments are not examined)

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Petition be **DENIED** (Doc.1), that this matter be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 26, 2013**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**